## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| EMANUEL ZENO SERRANO<br><br>**Plaintiff**<br><br>vs.<br><br>COMMONWEALTH OF PUERTO RICO; DEPARTMENT OF EDUCATION & YANIRA I. RAICES VEGA AS THE SECRETARY OF THE DEPARTMENT OF EDUCATION; JIMMY CABAN RODRIGUEZ AS DIRECTOR OF THE DEPARTMENT OF EDUCATION<br><br>**Defendants** | CIVIL NO.<br><br>UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT (USERRA); USERRA VIOLATION FOR DISCRIMINATION; FLSA VIOLATIONS; INJUCTION RELIEF; TITLE VII OF THE CIVIL RIGHTS ACT; ART. II, SEC. and 7 CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO; LOCAL LAWS NO. 88. & 158; ART. 1536 & 514 CIVIL CODE OF PUERTO RICO; DAMAGES AND PUNITIVE DAMAGES<br><br>JURY TRIAL REQUESTED |

### COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW**, Plaintiff, through the undersigned attorney, very respectfully states and prays:

### PRELIMINARY STATEMENT

1. This is an action for Declaratory and Injunctive relief, unpaid wages, damages and other relief pursuant to the Uniformed Services Employment and Reemployment Act (USERRA), as amended at USC 38 sec. 4303 & 4323; the Fair Labor Standards Act, 29 U.S.C. §§ 201et seq, (hereinafter FLSA); Title VII of the Civil Rights Act, Art II Sec. 1 and 7 of the Constitution of the Commonwealth of Puerto Rico; Local Laws

Number 88 and 158; and the Art. 1536 and 514 of the Civil Code of the Commonwealth of Puerto Rico. Defendant failed to provide Emanuel Zeno Serrano (plaintiff), a military and Physical Education Teacher as an employee of the Department of Education a working environment free from discrimination and equal conditions for all teachers and employees.

2. The Plaintiff works as a Physical Education teacher at the Jesús Silva Alemán School and he seeks declaratory and injunctive relief to redress defendant's failure to provide him the emotional and economic stability to continue doing the most rewarding vocation he has in life, in addition to serving his nation, which is educating future generations. (38 USC sec. 4303 (e).

3. Furthermore, Plaintiff requests the Honorable Court to fashion an appropriate remedy for the deprivations of plaintiff rights pursuant to 38 USC sec. 4303 and 4323 and 42 USC sec. 1983. See Frazier v. Fairhevan School, 276 F.3d 52 (1st Cir, 2002).

4. Finally, Plaintiff demands that the instant 38 USC sec. 4303 and 4323 and 42 USC sec. 1983 DAMAGES action be tried before a jury.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to entertain the claims pleaded herein pursuant to 38 U.S.C sec. 4303 (b)(1), 20 C.F.R. sec. 1002.305, 29 U.S.C. § 201 – 219 and 28 U.S.C. § 1331 and Title VII of the Civil Right Act 42 USC Sec. 2000 e (b).  Plaintiffs request for relief under FLSA is authorized by 29

U.S.C sec. 216. The district court has supplemental jurisdiction over state law claims pursuant to 38 U.S.C. sec. 4323 (b)(2). Plaintiff request for declaratory and injuctive relief which are authorized claims under Title VII (42 USC sec. 2000e(b)) and by 38 U.S.C. 4323 (d)(1) (C). All conditions precedent to jurisdiction under 38 U.S.C sec. 4323 (b)(1), (b)(2), (d)(1)(C) and (3)(c)(1) have occurred or been complied with.

6. Venue is proper in this district pursuant to 38 U.S.C. 4323 (3)(c)(1) because the events that gave rise to this Complaint occurred in this district.

7. Pursuant to 38 USC 4323 (h), section 1002.310 "No fees or court costs may be imposed on the claimant."

**PARTIES**

8. The Plaintiff EMANUEL ZENO SERRANO is a citizen of the United States who has been employed by Department of Education of the Commonwealth of Puerto Rico and resides at Apartment 6-A1 of Paseo de Las Cumbre in the municipality of Trujillo Alto, Commonwealth of Puerto Rico, which is in this judicial district.  Plaintiff is classified like a "employee" that was "in service in the uniformed service" withing the meaning of Sec. 4303 of The Uniformed Services Employment and Reemployment Rights Act (USERRA).

9. The Plaintiff belongs to the United States Army National Guard since February 4, 2018, and as part of his duties, he has fulfilled the call of

both the Governor of Puerto Rico and the President of the United States, when he has been activated in state and federal emergencies.

7.    Defendant "Commonwealth of Puerto Rico" is an organized territory of the United States and considered a "State" within the meaning of USERRA & Title VII of the Civil Rights Act.

8.    Defendant "Department of Education" is a public agency/department or division and <u>Plaintiff's employer</u>, organized under the laws of the Commonwealth of Puerto Rico, including Law No. 51 of June 7, 1996, as amended, (18 LPRA SEC. 1350-1361) and is in charge of public education in Puerto Rico. It is also the largest agency of the executive branch of Puerto Rico.  Defendant receives both federal and state sources to assistance for the programs they administered.

9.    Defendant Yanira I Raíces Vega is currently the Secretary of the Department of Education of Puerto Rico and as such is responsible (within the Commonwealth of Puerto Rico) for the development, management and administration of all public education matters in the government of Puerto Rico and heads the Department of Education. Pursuant to Puerto Rico's Political Code (3 L.P.R.A. sec. 411-et seq.) is responsible (within the Commonwealth of Puerto Rico) for the administration an implementation of all programs within the Dept. of Educ. Defendant Raices also has a duty to insure compliance with federal and state laws.

10.    Defendant Jimmy Cabán Rodríguez works as an Office Director of the Department of Education of Puerto Rico.  He currently runs the Teacher Career Program of the Puerto Rico's Department of Education.

11.    All actions made by Defendants were made under color of law.

## Statement of Facts

12.    The Plaintiff has been a teacher by profession since August 2008 in the Public Education System of Puerto Rico.  Since then, he has perfected his skills through studies and teaching practices that have earned him various recognitions in his area of study; thereby demonstrating their professionalism and commitment to the educational system of Puerto Rico.

13.    The Plaintiff works specifically as a Physical education teacher at the Jesus Silva Aleman School.

14.    Law Number 158-1999 created the Teaching Career Act for public employees in the Department of Education ("Ley de Carrera Magisterial"). The Act provides with the creation of Individualized Professional Development Plans, teaching ranks, schedules and salary increases for teachers, pursuant to specified standards thereby established.

15.    Article 1.03 of Law 158, *supra*, establishes that all full time teachers working at the Department of Education are covered by the Act if they are certified teachers. The Act created "Teachers classifications from level I to IV.

16.    Defendant Department of Education (The Departmen) approved Regulation 6761 ("Reglamento de la Carrera Magisterial") and other guidelines to implement Law 158.

17.    However, as a result of Law 7-2009 known as the "Special Law Declaring a State of Fiscal Emergency and Establishing a Comprehensive Fiscal

Stabilization Plan to Save the Credit of Puerto Rico," there were significant delays in the review of applications, recognition of levels, corresponding salary increases and the payments of said increases. Law 7-2009 resulted in a stay of Law Number 158-1999 for all practical purposes.

18. By 2012 the Department of Education was behind in compliance of review and adjudication of documentation provided by teachers under the Teaching Career Act and therefore, there were also delays in the corresponding payments.

19. In 2014, the Plaintiff, like many teachers, at the beginning of the year, submitted his application, but because of the approval of Law 66-2014, as amended, known as the "Special Law of Fiscal and Operational Sustainability of the Government of the Commonwealth of Puerto Rico" the Department of Education again proceed with a stay of all procedures related to the review, adjudication and payments related to the Teaching Career.

20. PROMESA was approved in 2016 and Defendant's Commonwealth of Puerto Rico (Puerto Rico) filed for its protection in 2017 under the terms and conditions of PROMESA as a debtor in possession.

21. Five years later, Puerto Rico approved Law Number 9 of March, 2022 ("Salary Adjustment for Teachers Pursuant to the Teachers Career Act of 2009") as amended, addressing the problems created by the Department of Education omissions or mishandling of the Teachers Career Act, owning salaries and increases in teachers' classifications for years.

22. <u>Law 9-2022</u> ordered the Department and the Office of Budget & Management of Puerto Rico to carry out:

"Section 4. — to identify and reprograming of $4,367,736 from Puerto Rico's General Fund  to cover accrued payments [under the Teachers Career Act] corresponding to the last nine (9) years or since Fiscal year 2014-2015 (3 L.P.R.A. § 9117 note)

Section 5. — In a period of  270 days, from the entry into force of this Law, all procedures, calculations and analysis required to identify and qualify the professionals of the Department of Education for whom the salary adjustment process under the Law of Education was not completed. Teaching Career, despite meeting the qualification requirements for it. This procedure will allow those professionals of the Department of Education who have complied with their Professional Improvement Plan for a Teaching Career by completing any stage of a Level or completing a Level, to be allowed review and **payment of retroactive salary** to the years that the Training Program Teaching Career of the Department of Education did not request the Professional Improvement Plan." (Law No. 9 on Salary Adjustment for Teachers in accordance with the Teaching Career Law, *3 LPRA § 9117)*.

Section 6. —It was ordered, that the Department Will identify and allocate the amount of money owned for Fiscal Years 2014-2015, 2015-2016, 2016-2017, 2017-2018, 2018-2019, 2019-2020, 2020-2021 y 2021-2022, pursuant to <u>Law 158-1999</u>. (3 L.P.R.A. § 9117 note)

Section 7. —After compliance with Sections 5 & 6 of this Act, the Department of Education, in collaboration with the Office of Budget & Management and Finantial Advisor Authority of Puerto Rico, were ordered to identify the necessary funds to cover the accrued payments for Fiscal years 2014-2015, 2015-2016, 2016-2017, 2017-2018, 2018-2019, 2019-2020, 2020-2021, y 2021-2022 pursuant to <u>Law 158-1999</u>, within the Department's budget (assigned to the Depatment in the General Fund) before the end of Fiscal Year 2023-2024. (3 L.P.R.A. § 9117 note)

Section 8. — After compliance with Sections 4, 5, 6 & 7 of this Act, it is ordered to calculate and identify those recurrent funds needed to comply prospectively with <u>Law 158-1999</u>, supra, before the end of Fiscal Year 2024-2025. (3 L.P.R.A. § 9117 note)"

23.    Defendants compliance with the above-mentioned <u>Law 9-2022</u> has been unequal and selective. Some participants have received full payment and benefits while other participants have been merely notified by the Department that they would be on a list to receive the accrued payments and reclassifications.

24.    The Plaintiff belongs to the United States Army National Guard since February 4, 2018, and as a part of his duties, he has fulfilled the call of both the Governor of Puerto Rico and the President of the United States, when he has been activated in state and federal emergencies.

25.    The Plaintiff was recently activated by the President of the United States (to carry out its military duties) from October 9, 2022, to December 6, 2023. As soon as the Plaintiff completed his military service (active duty), he personally and electronically notified the Department of Education (his employer) of his request to be reinstated as a Physical Education teacher.

28.    Contrary to Defendant's duty to notify all eligible participants, the Department of Education never notified the Plaintiff about any actions required to complete the process of reactivating for benefits corresponding to the provisions of <u>Law No. 158-1999</u> (the Teaching Career) and <u>Law No. 9</u> on Salary Adjustment as part of the Teachers to whom said benefit corresponded.

29.    It must be emphasized that, although the Plaintiff was in active duty from October 9 to December 6, 2023, he completed the electronic reactivation process for the eligibility of benefits under <u>Law Number 158-1999</u> pursuant to

the Teaching Career as provided in local Law Number 9, supra, regarding "Salary Adjustment for Teachers" pursuant to the <u>Teaching Career Act of March 7, 2022</u>.

30.    In response to the above-mentioned action, the Plaintiff received an email notice (on October 7. 2023) in which he is notified of the alleged fulfillment of the process and reactivation to the Teaching Career with the simultaneous effects that this action entails.   (See Exhibit II) Unfortunately, Defendants never complied with the Act nor provided the statutory payment or benefits.

31.    It is important to keep in mind, that Plaintiff's reactivation process occur due to the external information that reaches the Plaintiff and his high degree of diligence, who, despite being active in military service, remained aware of his responsibility as a professional and not precisely by receiving any communication from the Department of Education to fulfill this task.

32.    The Plaintiff was reinstated by his employer (Defendant) and started working on December 14, 2023, at the Jesús Silva Alemán School.

32a.    Wages required by the FLSA are due on the regular payday for the pay period covered. However, the Plaintiff did not receive any payment for services rendered from December 14, 2023 to February 15, 2024 (63 days)

33.    Since that date, until now, Plaintiff have not received any payments, salary raises, reclassifications or benefits accrued pursuant to <u>Law 9-2022.</u>

34.    Pursuant to USERRA, Plaintiff is entitled to full reinstatement in his employment with accrued benefits during active duty, including the full

compliance and payment of benefits accrued under the Teaching Career Act ("Carrera Magisterial"). Plaintiff has requested its activation from June 13, 2013, until 2024.

35.    For the Plaintiff, the reactivation process in this case, which should have been a simple process, became an extremely slow process, with responses that take infinitely forever or simply never arrive.

36.    Contrary to the notification received on October 7. 2023, the Plaintiff was not reactivated nor received retroactive benefits in accordance with the Level II and III of the Teaching   Career schedules, as established by law.

37.    The only thing that was approved to the Plaintiff, at that time, was the retroactive salary owed to said party and not the benefits that corresponded to him.

38.    The Plaintiff did not receive any payment of Benefits accrued pursuant to the Teaching   Career schedules from 2014 to present time.

39.    The Plaintiff contacted his labor representative and requested a reconsideration through an internet link of its labor representative on January 18, 2024.

40.    Despite the innumerable personal and electronic procedures, all efforts have been futile and have instead caused economic and emotional damage to the Plaintiff.

41.    As the Commonwealth announces payments to participants, he continues to be deprived of such because of what can only be described as a   pattern of discriminatory conduct for being a military member.

42.  For the reason described above, and despite the due diligence of the Plaintiff in arranging with the Department of Education the payment of what corresponds to him, as of the date of presentation of this complaint, he has not been canceled the salaries accrued since December 14, 2023, at the Jesús Silva Alemán School in Trujillo Alto, PR.

43.  Since 2014, the Claimant has not been paid benefits in accordance with the "Teaching Career" provided in <u>Law 158-1999</u>.

44.   The Plaintiff current salary is **$3,011.00** and he has not had his basic salary as a teacher increased, as provided in Law Number 9 on Salary Adjustment for Teachers in accordance with the Teaching Career Law of <u>Law 158-1999</u>.

45.  Plaintiff has been the victim of a pattern of discrimination since December 14 of 2023 until now, being denied of full reinstatements rights under USERRA and Puerto Rico's Military Code.

46.  As a result of the pattern of discrimination to which the Plaintiff has been subjected by a habitual behavior in which the defendant intentionally ignores his claims or efforts, combined with the lack of diligence of the Department of Education and the lack of payments corresponding, the Plaintiff has been a victim of economic damages. substantial damages for lost wages and serious emotional damages that affect their quality of life.

47.    Section *5* of <u>Law No. 9 of March 7, 2022</u>, better known as the Salary
Adjustment Law for Teachers in accordance with the Teaching Career
Law,

> "**The Department of Education is ordered to carry out, In a
> period of 270 days,** from the entry into force of this Law, all
> procedures, calculations and analysis required to identify and
> qualify the professionals of the Department of Education for whom
> the salary adjustment process under the Law of Education was not
> completed. Teaching Career, despite meeting the qualification
> requirements for it. This procedure will allow those professionals of
> the Department of Education who have complied with their
> Professional Improvement Plan for a Teaching Career by
> completing any stage of a Level or completing a Level, to be allowed
> review and payment of retroactive salary to the years that the
> Training Program Teaching Career of the Department of Education
> did not request the Professional Improvement Plan." (Law No. 9 on
> Salary Adjustment for Teachers in accordance with the Teaching
> Career Law, *3 LPRA § 9117). (Emphasis supplied)*

48.    *In response to such non-discretionary mandate, the* Defendants have
complied selectively, capriciously & arbitrarily with the action described
above. As a result, Plaintiff (contrary to what happened with other non-
military teachers) also assigned to the Department of Education have not
received a salary adjustment.

49.    The Plaintiff has complied with everything that the Department of
Education has requested of him, and his management does not seem to
have an end in accordance with the vision of the Department of
Education and Respondent in this case.

50.    In    considering    Plaintiff's    practice    described    above,    we    are
        simultaneously reflecting a discriminatory application in favor of non-
        military employees, compared to the discriminatory treatment in the
        claim of a statutory benefit by a military employee as is the factual
        situation of the Plaintiff.

## STATUTORY SCHEME

51.     The Uniformed Services Employment and Reemployment Act (USERRA)
        (38 USC Sec. 4303et seq.)  is a federal anti-discriminatory law passed in
        1994 and it is designed to protects military service members and
        veterans from employment discrimination on the basis of their services
        and allows them to regain their civilian jobs following a period of
        uniformed service.

52.    The USERRA ACT applies to members of Armed Force, Reserves, National
        Guard, and other "Uniformed Services" and to public and private
        employers.

53.    The USERRA act ensures to the uniformed services members the
following:

    a.  Are not disadvantaged in their civilian careers, because of their
        military service;

    b.  Are promptly re-employed in their civilian jobs upon return from
        duty;

    c. Are not discriminated against by employers, because of past, present, and future military service.

54. USERRA Act establishes the procedures for assistance, enforcement, and investigation of claims in the process of employment and reemployment of the members of the uniformed services [38 USC sec. 4321-4327].

55. USERRA Act presents the rights and limitations of employment and reemployment of the members of the uniformed services [38 USC sec. 4312 -4319]. It is unlawful that **an employer gives a military employee an unequally treatment compared to nonmilitary employees.** An employer may not discriminate again a military employee. (USERRA ACT, 38 USC 4311 et seq] [Title VII & Law No. 88].

56. A "state" or organized territory may not claim sovereign immunity as a defense in cases where Plaintiff alleged discrimination under USERRA. Torres v Texas Department of Public Safety (597 US___, 2022)[1]

57. Finally, Plaintiff is entitled to requests the Honorable Court to fashion an appropriate remedy pursuant to 42 USC sec. 1983. See Frazier v. Fairhevan School, 276 F.3d 52 (1st Cir, 2002). Plaintiff demands that the instant 1983 DAMAGES action be tried before a jury.

---

[1] On June 29, 2022, the Supreme Court of the United States decided in Torres v Texas Department of Public Safety (597 US_2022) that a veteran could sue his former employer, the Texas Department of Public Safety (DPS), under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) would not accommodate his medical conditions by employing him in a different role. The Supreme Court, decided that under its war powers enumerated in Article I § 8 of the Constitution, Congress enacted USERRA, giving returning veterans the right to reclaim their prior jobs with state employers and authorizes suit if those employers refuse to accommodate them.

## COUNT I
## USERRA VIOLATION FOR DISCRIMINATION

58.    We adopt by reference what is expressed in the sections 14-57 of the part "Statement of Facts" of this complaint.

59.    Defendant Department of Education is in clear violation of the "Uniformized Services Employment and Reemployment Right Act (USERRA)", which establishes the Plaintiff 's right to be free from discrimination and retaliation and the fact of being a member of the uniformed services, means that the employer cannot deny the promotion or any benefit of the Claimant's employment, contrary to what happened in the present case.

60.    In accordance with the 2020 Department of Education Personnel Regulations in Sec. 4.5, subsection J and under the topic related to the licenses that the Defendants has the duty to grant, it is provided that one of the Licenses with which they must comply is the following:

> (J) Military leave - Every employee who belongs to the Puerto Rico National Guard or the Organized Reserves of the Armed Forces of the United States will have the right to be granted up to a maximum of thirty (30) days of paid leave each year when they are performing military service, as part of training or to attend camps and exercises that are required. Any official and employee of the Government of Puerto Rico or its political subdivisions, agencies and public corporations, who is a member of the Military Forces of Puerto Rico and who is called by the Governor of Puerto Rico to Active State Military Service for any emergency situation, natural disaster or man-made situations, you will be entitled to military leave with pay during the first month of each activation period. If the activation period is

extended for a period greater than thirty (30) days, military leave without pay will be granted for the entire period in which he remains active. Thus, it will also retain, during the activation period, all the marginal benefits that had been granted by the employer and that it was enjoying at the time of activation. These benefits will be retained under the same terms and conditions that existed prior to said activation.

61. Considering the provisions of the previous Regulation and as part of the duties of the Department of Education, it must grant the Plaintiff "during the activation period, all the marginal benefits that had been granted by the employer and that he was currently enjoying. of activation. These benefits will be retained under the same terms and conditions that existed prior to said activation" and these are precisely the Plaintiff's claims in this case and those that the Defendants is failing to comply with.

62. The remedies, procedures and rights set forth in section 4323 of USERRA Act and other federal and local laws prohibit the discrimination to being a military [38 USC sec. 4323 (1)(2) et seq.], including compensations for loss of wages or benefits of such employer failure.

63. Accrued Salaries and benefits owned by Defendants to Plaintiff pursuant to <u>Law 9-2022</u> Based on damages, that the plaintiff has suffered, we request that the Plaintiff must be compensated for the full benefit of the Teaching career and to which he is entitled by concept of the retroactive payment that is owed to the Claimant in the amount of $195,690.00.plus an equal amount as penalties.

**COUNT II**
**USERRA VIOLATION FOR NOT PROVIDING NON-SENIORITY RIGHTS**

63. We adopt by reference what is expressed in the sections 14-57 of the part "Statement of Facts" of this complaint.

64. Under USERRA the employers have to create all the conditions that the employees need to return to his employment; that includes continuing pending procedures, as should have happened in this case. 38 U.S.C. 4316(b

65. Sections 1002.149 and 1002.150 implement section 4316(b) of the Act, which establishes that the employee's general non-seniority based rights and benefits while he or he is absent from the employment position due to military service. 38 U.S.C. 4316(b).

66. **"The employer is required to treat the employee as if he or she is on furlough or leave of absence. 38 U.S.C. 4316(b)(1)(A). The employee is entitled to non-seniority employment rights and benefits that are available to any other employee "having similar seniority, status, and pay who [is] on furlough or leave of absence." 38 U.S.C. 4316(b)(1)(B).**

67. **"**These non-seniority rights and benefits may be provided "under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person

performs such service. Id. For example, if the employer offers continued life insurance coverage, holiday pay, bonuses, or other non-seniority benefits to its employees on furlough or leave of absence, the employer must also offer the service member similar benefits during the time he or she is absent from work due to military service. If the employer has more than one kind of non-military leave and varies the level and type of benefits provided according to the type of leave used, the comparison should be made with the employer's most generous form of comparable leave".

68. The remedies, procedures and rights set forth in section 4323 of USERRA Act and other federal and local laws prohibit the discrimination to being a military [38 USC sec. 4323 (1)(2) et seq.], including compensations for loss of wages or benefits of such employer failure.

69. Defendant refused to reclassified Plaintiff, an eligible employee under Law 158-1999, as ordered by Law 9-2022 at the time he was reinstated after military leave. Such reclassification encompass salary increases.

70. As a direct and proximate result of Defendants unlawful violations, Plaintiff has sustained injuries and damages (physical and emotional) that we estimate in $500,000.00.

**COUNT III**
**CIVIL RIGHTS DISCRIMINATION UNDER TITLE VII of the Civil Right Act**

71.    We adopt by reference what is expressed in the sections 14-57 of the part "Statement of Facts" of this complain.

72.    Defendants are Commonwealth subdivisions acting under color of law.

73.    Defendants engaged in intentional discrimination "with malice or with reckless indifference to the federally protected rights of an aggrieved individual" 42 U.S.C. sec. 1981a(b)(1).

74.    Plaintiff has been deprived and excluded from her USERRA rights to non-discriminatory reinstatement by Defendants for no reason whatsoever. As a result, the Defendant affected the Plaintiff's in the terms and conditions of his employment due to discrimination

75.    **The Defendants** have acted illegally by violating Title VII of the Civil Right Law which prohibits discrimination in employment with the **use of practices that appear to be neutral, but their purpose is clearly to discriminate** in the workplace.

76.    The Defendant created false expectations by sending false communication by email to the Plaintiff to make him believe that his problem was resolved.

77.    The Defendants instead continued to lengthen the process of a simple procedure.  With that practice, among others the defendant disguises their discriminatory practice, denying the plaintiff the opportunity to resolve his problem.

78.    The Defendants are also falling in their duty to maintain a work environment free of discrimination and of genuine equal rights for all their

employees, regardless of whether they are military or not. (EC. 2000e-14. *[Section 715])*

79.   As a result of Defendants intentional discrimination, they shall be liable to the party injured (Plaintiff) in an action at law, suit in equity, or other proper proceeding.

80.   Plaintiff hereby requests the Honorable Court to fashion an appropriate remedy pursuant to 42 USC sec. 1983 including compensatory damages and injunctive relief ordering the remedies requested to avoid further damages.


**COUNT IV**
**FLSA CLAIMS**

81.   We adopt by reference what is expressed in the sections 14-57 of the part "Statement of Facts" of this complaint.

82.   Despite the obligation of the employer/defendants to pay Plaintiff/employee the total wages & nondiscretionary benefit due for the work rendered between December 14, 2023 until February 15, 2024, Plaintiffs did not pay said salaries due for a term of no less than four (4) payrolls or (9) eight weeks, for work rendered. Plaintiff pay said salaries in February 2024.

83.   In addition, despite the terms and conditions of the employment contract between Plaintiff and Defendant, Plaintiff have not reclassified Plaintiff, an eligible employee under <u>Law 158-1999</u>, as ordered by <u>Law 9-2022</u> at the time he was reinstated after military leave. Such refusal has an impact in the amounts owned in regular wages and wages consisting in accrued vacations.

84.    In addition, to the delayed payment of wages, the defendant must pay the penalty provided in the FLSA (29 USCA 216) that provide for the payment of ("an additional equal amount as liquidated damages") or "an amount equal [to that owed for salaries] for liquidation of damages, in addition to costs, expenses and attorneys' fees".

85.    For unpaid wages and penalties under FLSA, Defendants owned Plaintiffs the estimate amount of **$350,000.00** in addition to costs, expenses and attorneys' fees.

## COUNT V
## LOCAL DISCRIMINATION CLAIMS

86.    We adopt by reference what is expressed in the sections 14-57 of the part "Statement of Facts" of this complaint.

87.    This case allows the opening of claiming various causes of action in the local jurisdiction.

88.    The Defendants violated the rights of the Plaintiff granted by the Constitution of the Commonwealth of Puerto Rico, in force since July 25, 1952, as amended until 1970, which establishes in Art. II, section 1: "The dignity of the human being is inviolable. All men are equal before the Law." (Article II §1 *ELA Constitution, LPRA,* Volume 1, ed. 1970)

89.    The Defendants has presented unequal treatment towards the Plaintiff, a teacher at the Jesús Silva Alemán School in the municipality of Trujillo Alto, attached to the Department of Education, where he is the victim of a clear violation of the afore mentioned Art. II, Section 1 of our Constitution, when contrary to what is established by law, your salary is not equated to the salary adjustment that corresponds to the Plaintiff;

according to the level that must be identified by complying with the requirements established by law, as part of the Teaching Career to which the Plaintiff applied and with which you comply.

90. The dignity of the Plaintiff was greatly affected by the fact that despite his commitment as a teacher, both in his performance within the school, as well as extracurricular and in completing all the professional improvement workshops, far from making him a better professional and making him feel fulfilled, has caused the Plaintiff an extraordinary level of anxiety and frustration, since his efforts have not been compensated and equalized, by the Department of Education, as a person who should be treated his dignity is recognized.

91. Art. II Section 7 of the ELA Constitution (Article II §7 *ELA Constitution* , *LPRA* , *Volume 1, ed. 1970* ) recognizes the right to life as a fundamental right of the human being and this is one of the rights that the Respondent is restricting the Claimant, by not allowing him to live fully, when he cannot demonstrate that he is capable of improving himself as a professional and thus, ascend in the teaching position and with it, be compensated emotionally and financially, which will result in him being able to have a full life, feeling free to give the best of oneself, as a person and professional, and with it, enjoy the property that has been earned with the satisfaction that only a public official can have who knows that his duty is fulfilled.

92.    The <u>Law No. 88-2023</u> to create the Military Code of Puerto Rico of the

21st Century in Article 3.02 describes the duty of the government, as an

employer, to an official who is active in military service and on this

matter, establishes that this official is granted a Military License,

described below:

> (a) "All public officials and employees or their political subdivisions, agencies and public corporations, who are members of the National Guard or any other component of the Military Forces of Puerto Rico, will have the right to military leave up to a maximum of forty-five years. five (45) days a year to be absent from their respective positions without loss of pay, time or degree of efficiency during the period in which they were providing federal or local military service in or outside the jurisdiction of Puerto Rico when so ordered. or authorized under the provisions of the laws of the United States of America or Puerto Rico. This provision will also include when they are in periods of military training (drills or battle). assembly), military schools, courses or seminars ordered as part of your military service or training.
> (b) When said Federal or State Military Service exceeds forty-five (45) days, such member of the National Guard or any other component of the Military Forces of Puerto Rico may complete such period with charge to any accumulated vacation. with pay or unpaid leave to which you are entitled.

93.    Consequently,

"the Defendants has the duty to grant military leave to the Plaintiff

during the period in which he is active in the military exercise up to a

maximum of forty-five (45) days per year, without loss of pay, time or

graduation of efficiency during the period in which they were performing

federal or local military service in or outside the jurisdiction of Puerto

Rico when  they have been so ordered or authorized by virtue of the

provisions of the laws of the United States of America or of Puerto Rico; and if it is in excess of forty-five (45) days, the period is completed with charge to any accrued vacation with pay or leave without pay to which you are entitled. Which, in effect, means that the Plaintiff should not be penalized in any way, during the period in which he is active in the military exercise, and this is not what happens in the present case, where the Respondent has violated the Art. 3.02, subsections a and b of Law No. 88 by not granting the salary that corresponds to the Plaintiff during the period in which he was military active and by ignoring its procedures corresponding to the award of the Teaching Career", in According to Law Number 158-1999, contrary to it, the Respondent is only penalizing the Plaintiff for fulfilling his military duty and is not granting him the License that corresponds to him.

94.    This case also presents a violation by the Defendants of the Law Number 88 of 2023 which creates the "21st Century Military Code of Puerto Rico". Article 3.06 penalizes employers who, like the Department of Education in this case, discriminate or sanctioned against their employees (who belong to the National Guard) from responding the call of State Active Military Service, through discrimination or other means, as occurs in the present case. On this matter, in sections a and b, it is established that:

> (a) Any employer that prevents, obstructs, or does not allow a member of the National Guard or any of the components of the Military Forces of Puerto Rico to be absent from their respective position or employment to provide military services as part of their

military training ( drills or battle assembly ) or in compliance with a call to State Active Military Service, or that dismisses or in any way discriminates against an employee due to absences in compliance with any military duty as indicated above or due to being a member of the Military Forces of Puerto Rico or any of the components, will incur a serious crime of the third degree and if convicted, will be punished with a fine not exceeding five thousand dollars ($5,000) or with imprisonment for not more than three (3) years or with both penalties at the discretion of the court.

(b) Any employer who, in violation of the provisions of subsection (a) above, dismisses or discriminates against an employee of his or her employee, shall be required to reinstate said employee in his or her job or position without loss of pay, retroactive to the date of dismissal. , restore all his rights, privileges and benefits, or both, all with retroactive effect to the date of dismissal or discrimination, as the case may be, and triple compensation will also be awarded in his favor.  The right of the employee who is the subject of such dismissal or discrimination to demand that an employer comply with the obligation imposed by this subsection will last one (1) year from the date of the dismissal or discrimination.

95.    This case also presents a violation by the Defendants of <u>Law 203-2007</u>, which also addresses issues of employment discrimination for being military.

96.    The <u>Law Number 88-2023</u> called "The New Bill of Rights of the Puerto Rican Veteran of the 21st Century" in Article IV, section F, in relation to the rights granted to the Puerto Rican veteran, establishes the following:

a.    The Government of the Commonwealth of Puerto Rico, its agencies and instrumentalities, public or quasi-public corporations, municipalities and all private persons, natural or legal, that operate businesses in Puerto Rico will be obliged to: (1) Give preference to a veteran , under equal academic, technical or experience conditions, in their appointment or granting of promotion for any position, employment or work opportunity. (2) Reinstate a veteran or reservist in the same job he or she held or performed at the time of being called up or

having voluntarily reintegrated into the Armed Forces, or in an equivalent or similar job, if the veteran so formally requests it from his employer, within one hundred eighty (180) days following his discharge under honorable conditions from the Armed Forces. If such a position does not exist, the veteran will have priority in placement in another job within the company or government agency, and it will be the employer's responsibility to make a maximum effort to retrain or train the veteran. This right does not preclude the obligations that the employer may have under the "American with Disabilities Act, Public Law 101-336", or other federal or state legislation that is beneficial to the veteran returning to employment or the active labor market. (3) In those cases in which, as part of an employment process, a veteran has taken any test or examination as part of an application for entry, re-entry or promotion, and said veteran has obtained, in the corresponding test or exam, the minimum score required to qualify for entry, re-entry or promotion to the corresponding position, the right of said veteran to have ten (10) points added or ten percent (10%), whichever is higher than the grade obtained by said veteran in the corresponding test or exam. ("Law No. 203 of December 14, 2007, 29 LPRA § 737).

97.   In the present case, the Defendants has not granted the Plaintiff that "preference to the veteran in equal academic, technical or experience conditions in granting promotion" of level in the Teaching Career, which he has requested, and which corresponds to him.

98.   Considering the aforementioned facts, it must also be recognized that contrary to what is established in the law, the process of reintegrating or reinstating the veteran and Plaintiff in the same job he held before being active has been significantly affected.

99.   All the above, can only respond to a clear pattern of well-orchestrated discrimination by the Department of Education towards Teachers who are military and who have been activated to said service, as is the case with the Plaintiff in this case.

100. Under the afore mentioned legislation, employers are prohibited from discriminating for various reasons, including discrimination for being a member of the military.

101. The Defendants repeatedly has discriminated against Plaintiff in the payments to which Plaintiff is entitled and is responsible for the discriminatory acts by Plaintiff being in the United States Army.

102. As a direct and proximate result of Defendants unlawful actions, Plaintiff has sustained damages (including emotional damages) that we estimate in $500,000.00.

### COUNT VI
### TORT DAMAGES

104. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

105. Under Article 1536, of the Civil Code of Puerto Rico, the person who, through fault or negligence, causes damage to another is obliged to compensate the damage.

106. In the present case, the Defendant actions has caused multiple economic and emotional damages to the Plaintiff. It includes loss of profits and such damages are quantifiable.

107. Loss of profits refers to a harm experienced that involves the loss of a future profit that, with some probability, was expected to be obtained based on the normal and subsequent course of events. The affected party

does not need to demonstrate with complete certainty that the profits would have materialized; Instead, it is sufficient to establish the probability, rather than the mere possibility, of a future gain. In some cases, such as the present one, the mere possibility could be compensable. Pursuant to this provision, the Defendants are responsible for any unearned wages as part of the lost profits to which he is entitled.

108. Plaintiff, as a professional, has an expectation of being successful in his teaching career, being promoted and compensated in accordance with the law, and by not achieving this, he has created emotional damages that according to Art. 1536 of the Civil Code of the Commonwealth of Puerto Rico of 2020, must be remunerated by the Defendants.

109. As a direct and proximate result of Defendants unlawful actions, Plaintiff has sustained damages (including emotional damages) that we estimate in $500,000.00.

### COUNT VI (**PUNITIVE DAMAGES**)

110. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

111. Defendants engaged in intentional discrimination "with malice or with reckless indifference to the federally protected rights of an aggrieved individual" 42 U.S.C. sec. 1981a(b)(1).

112. Defendants' discriminatory actions lacked a glimpse of good faith and should be considered "outrageous".

113. For the reasons stated above, Plaintiff is entitled to punitive damages and we request that such damages will be for the amount of $1,000,000.00.

## RELIEF REQUESTED

Wherefore, Plaintiffs pray that this Court take jurisdiction of this action and that upon consideration of such further evidence as may be received, issue an order determining the rights and obligations of the parties and, more specifically:

(1)    Declaring that Defendants failed to comply with the requirements of USERRA resulting in a discriminatory practice against Plaintiff which includes the denial of Petitioner's request for benefits under Law 158-1999 and Law 9-2023.

(2)    Awarding wages owned and penalties for violations of the FLSA.

(3)    Awarding the plaintiffs their costs, including attorney fees, court costs and other costs necessary for the prosecution of this action.

(4)    Awarding Damages to compensate for the discrimination that Plaintiff suffered after being reinstated from active military duty;

(5)     Awarding Punitive Damages to penalize defendants and avoid the recurrence of discrimination that Plaintiff suffered from Defendants after being reinstated from active military duty

(6)    To fashion an appropriate remedy pursuant to 38 USC sec. 4303 & 42 USC sec. 1983 including such further different or additional relief as may be appropriate including punitive damages.

In San Juan, Puerto Rico, this 20th day of June, 2024.

PEREZ RIVERA LAW OFFICES
P.O. BOX 9008
SAN JUAN, PR 00907-9008
TEL. (787) 667-6039


*S/ Héctor J. Perez-rivera*
**HECTOR J. PEREZ-RIVERA**
**USDC No.: 212213**
E-mail: HECTORJUANPRLAW@GMAIL.COM